**KING & SPALDING LLP**
PETER J. WOZNIAK  (SBN 332470)
*pwozniak@kslaw.com*
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Telephone:   (312) 995-6333
Facsimile:   (312) 995-6330

JACQUELINE SUH (SBN 333405)
*jsuh@kslaw.com*
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443 4355
Facsimile:   (213) 443 4310

Attorneys for Defendants
Big Indie Pictures, Inc. and Big Indie Daisy Jones, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HINTON, an individual, individually and on behalf of all other aggrieved employees,<br><br>                              Plaintiff,<br><br>     v.<br><br>BIG INDIE PICTURES, INC. a New York Corporation; DECLAN J BALDWIN, an individual; BIG INDIE DAISY JONES, INC., a New York Corporation; KARL HARTMAN, an individual; DOE 1 through and including DOE 10,<br><br>                              Defendants. | Case No.<br><br>**DEFENDANTS BIG INDIE PICTURES, INC. AND BIG INDIE DAISY JONES, INC.'S NOTICE OF REMOVAL**<br><br>[Declarations of Peter J. Wozniak (and Exhibits thereto) and Karl Hartman filed concurrently herewith]<br><br>[Removal from Superior Court of the State of California, Los Angeles, Case No. 22STCV31280]<br><br>Action Filed: September 26, 2022 |

NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Big Indie Pictures, Inc. and Big Indie Daisy Jones, Inc. (together, "Removing Defendants") hereby remove to the United States District Court for the Central District of California this above-captioned state court action, originally filed as Case No. 22STCV31280 in Los Angeles Superior Court, State of California ("Complaint"). Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. On September 26, 2022, Plaintiff Paul Hinton ("Plaintiff") filed his Complaint in the state court action against Defendants Big Indie Pictures, Inc., Big Indie Daisy Jones, Inc., Declan J. Baldwin, and Karl Hartman (together, "Defendants"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Removing Defendants are filed concurrently within this Notice of Removal as Exhibits A through F to the Declaration of Peter J. Wozniak ("Wozniak Decl.").

2. According to the Proof of Service Plaintiff filed in the state court action, the Summons and Complaint were served on Defendant Big Indie Daisy Jones, Inc. on December 9, 2022, and were served on Defendant Big Indie Pictures, Inc. on December 12, 2022. Wozniak Decl., Ex. F. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed "within 30 days after the service of summons upon" Removing Defendants was completed.

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. In his Complaint, Plaintiff alleges one cause of action against Defendants under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, *et seq*. *See* Complaint, Wozniak Decl., Ex. A ("Compl.").

4. Among other things, Plaintiff seeks civil penalties related to

2
NOTICE OF REMOVAL

Defendants' alleged failure to timely pay wages, failure to pay final wages, failure to provide proper rest and meal periods, failure to reimburse necessary business expenses, improper classification of employees as independent contractors, failure to pay minimum and overtime wages, and failure to keep complete and accurate payroll records. *See, e.g.*, Compl. ¶¶ 42-49.

5. For purposes of this removal ***only***, Removing Defendants assume Plaintiff's allegations are true.[1]

6. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Removing Defendants deny Plaintiff's factual allegations and deny that he is entitled to the relief requested. However, based on the allegations in the Complaint, the prayer for relief, and the Declarations of Peter J. Wozniak and Karl Hartman, all requirements for federal jurisdiction under § 1332 have been met, and this Court accordingly has original jurisdiction over this action.

**A.     Complete Diversity of Citizenship Exists Between Plaintiff and Defendants**

7. Plaintiff and Defendants are "citizens of different states." 28 U.S.C. § 1332(a).

---

[1] Removing Defendants deny that liability or damages can be established as to Plaintiff. Removing Defendants do not concede and reserve the right to contest, at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against it under applicable California law. To the extent Plaintiff fails to distinguish between Defendants to pursue some kind of joint-employer theory of liability, Removing Defendants deny such allegations. Removing Defendants further reserve the right to argue that Plaintiff's claims must be adjudicated in individual arbitration under the terms of his arbitration agreement. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Removing Defendants' notice seeks only to establish that the amount in controversy is more likely than not in excess of the jurisdictional minimum.

### 1. Plaintiff's Citizenship

8. For diversity purposes, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9. Plaintiff alleges that he "is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California." Compl. ¶ 3. Accordingly, Plaintiff is domiciled in Los Angeles County, California and thus is a citizen of the State of California for purposes of removal. *See id.*; *Kanter*, 265 F.3d at 857.

### 2. Defendants' Citizenship

10. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

11. Big Indie Pictures, Inc. is a citizen of New York because it was incorporated under the laws of New York and has its headquarters and principal place of business in New York. Declaration of Karl Hartman ("Hartman Decl.") ¶ 2.

12. Big Indie Daisy Jones, Inc. is a citizen of New York because it was incorporated under the laws of New York and has its headquarters and principal place of business in New York. *Id.* ¶ 3.

13. Declan J. Baldwin is domiciled in Woodstock, New York and thus is a citizen of New York for purposes of removal. *Id.* ¶ 5.

14. Karl Hartman is domiciled in Brooklyn, New York and thus is a citizen of New York for purposes of removal. *Id.* ¶ 4.

15. Accordingly, because no Defendant had the same citizenship as Plaintiff at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Exceeds $75,000

16. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true," "a defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (emphasis in original). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

17. A removing defendant is not required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010). "Generally, the amount in controversy is determined from the face of the pleadings . . . [and] [t]he ***sum claimed by the plaintiff controls*** so long as the claim is made in good faith." *Crum*

*v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (emphasis added) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) ("The plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand. . . . The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

18. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

**1.  The Amount in Controversy Requirement Is Established Through Plaintiff's Own Demand for Relief in Excess of $75,000**

19. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff expressly seeks relief in excess of that jurisdictional minimum. Plaintiff alleges that he is entitled to relief in the amount of "at least $100,000." Compl. at 16, Prayer for Judgment (seeking civil penalties, attorneys' fees and costs, and interest). Accordingly, Plaintiff's own allegations that he is owed at least $100,000 make it "facially apparent" that the amount in controversy exceeds the $75,000 minimum threshold. *Singer*, 116 F.3d 373, 376–77; *see also Crum*, 231 F.3d at 1131.

20. Further, there is no burden on Removing Defendants to present supporting evidence at this juncture. A removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The notice of removal "need not contain evidentiary submissions." *Id.* at 1197. "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

21. While the amount-in-controversy requirement is met, Removing Defendants again deny Plaintiff's allegations and dispute that Plaintiff is owed any sum whatsoever.

**2. Alternatively, the Amount in Controversy Requirement is Satisfied by Showing a Reasonable Estimate of Potential Recovery Based on Plaintiff's Allegations**

22. Should the Court require further evidence that the amount in controversy requirement is met, beyond Plaintiff's own demands and allegations, Removing Defendants provide the following out of an abundance of caution.

23. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including statutory penalties and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

24. Plaintiff's claimed penalties place at least $144,700 in controversy. Plaintiff seeks civil penalties related to failure to timely pay wages in violation of Labor Code §§ 204 and 210 (Compl. ¶ 42); failure to pay final wages in violation of Labor Code §§ 201.3, 201.5, and 203 (*Id.* ¶ 43); failure to provide itemized wage

statements in violation of Labor Code § 226(a) (*Id*. ¶ 44); failure to provide proper rest and meal periods in violation of Labor Code § 226.7 and the Living Wage Order (*Id*. ¶ 45); failure to reimburse necessary business expenses in violation of Labor Code § 2802 (*Id*. ¶ 46); improper classification of employees as independent contractors in violation of Labor Code § 226.8 (*Id*. ¶ 47); failure to pay minimum and overtime wages in violation of Labor Code §§ 510, 558, 11984, and 1198 (*Id*. ¶ 48); and failure to keep complete and accurate payroll records in accordance with Labor Code § 1174(d) (*Id*. ¶ 49).

25. As set forth below, the aggregated value of the relief sought by Plaintiff exceeds the sum of $75,000 based on preliminary calculations of just *one* of Plaintiff's California Labor Code claims. Removing Defendants believe that the value of relief sought in the other Labor Code claims would add a significant amount to the total amount in controversy—and reserve the right to quantify the amount at issue for the remaining claims, if necessary—but the amount in controversy threshold is satisfied as to this one claim alone.

26. *Failure to Timely Pay Wages*: Plaintiff contends that "the failure of Defendants to make timely payments within the time provided for has been and is 'willful,' . . . accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties." Compl. ¶ 42. Plaintiff defines the "Aggrieved Employees" as "Plaintiff, crew members on the Production, and all crew members who have been issued statements for services performed for Defendant Big Indie Pictures, Inc. and/or Big Indie Daisy Jones, Inc." *Id*. ¶ 13. Big Indie Daisy Jones, Inc.'s records indicate that 1,447 crewmembers worked on the production of *Daisy Jones & The Six* in the state of California. Hartman Decl. ¶ 6. Labor Code § 210 provides for a penalty of $100 for each initial violation and $200 for each subsequent, or willful or intentional violation, plus 25% of the amount unlawfully withheld. Compl. ¶ 42. Accordingly, from this *initial* alleged violation, there is at least $144,700 in controversy: 1,447 crewmembers x $100 = $144,700.

27. Based on the information set forth above, the total aggregate value of the relief sought from just one of Plaintiff's claims already exceeds the sum of $75,000, which is more than sufficient to support removal of the entire action.

### III. **THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

28. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

    a. This is a civil action within the meaning of § 1332(a);

    b. The named parties are citizens of different states as required by § 1332(a)(1); and

    c. The amount in controversy exceeds $75,000 as required by § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

29. The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles Superior Court sits. This action was originally filed in the Los Angeles County Superior Court (*see* Compl.), rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

30. Defendants Declan J. Baldwin and Karl Hartman have not yet been served in this matter. Wozniak Decl. ¶ 8. Accordingly, the requirement that all properly joined and served defendants join or consent to the removal is satisfied under 28 U.S.C. § 1446(b)(2)(A).

31. True and correct copies of all "process, pleadings, and orders served" upon Removing Defendants are filed concurrently within this Notice of Removal as Exhibits A through F to the Declaration of Peter J. Wozniak.

32. Upon filing the Notice of Removal, Removing Defendants will furnish written notice to Plaintiff, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Court, pursuant to 28 U.S.C. § 1446(d).

33. By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law.

34. If any question arises as to the propriety of removing this action, Removing Defendants respectfully request notice and the opportunity to present oral argument in support of their position that this case is removable and properly removed.

BASED ON THE FOREGOING, Removing Defendants give notice that this entire action, currently pending in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV31280. Removing Defendants request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: January 9, 2023

KING & SPALDING LLP

By: PETER J. WOZNIAK
JACQUELINE SUH

Attorneys for Defendants Big Indie Pictures, Inc. and Big Indie Daisy Jones, Inc.